**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS JORGE, | Civil Action No. 18-14675 (ES) (SCM) |
| Plaintiff, | |
| v. | OPINION |
| PAMELA M. POWELL, et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court upon *pro se* Plaintiff Luis Jorge's ("Plaintiff") filing a complaint (D.E. No. 1, Complaint ("Compl.")) on behalf of his nine-year-old son ("J."), against Pamela M. Powell, Lourdes C. Rodriguez ("Principal Rodriguez"), and Ms. Ci Bi (collectively "Defendants"). The Court previously granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.E. No. 2). Having screened Plaintiff's Complaint, the Court dismisses it for failure to state a claim. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

**I.   Background**

While the precise nature of his allegations is unclear, Plaintiff avers that on October 18, 2016, Defendants violated J.'s Fourth Amendment rights by conducting a strip search on him. (*See* Compl. at 5). Plaintiff contends that the strip search was conducted without parental consent and without informing Plaintiff, "in violation of the consent doctrine." (*Id.* at 5-6). Plaintiff further contends that (i) Defendants have harassed and stalked J.; (ii) Principal Rodriguez punished J. for

the same issue twice during the 2016 academic school year; and (iii) Principal Rodriguez separated J. from his classmates by placing him in the principal's office. (*Id*. at 6).

**II.     Legal Standard**

After a court grants *in forma pauperis* status, a court screens the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Deutsch v. United States*, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995).

When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, a court applies the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claims rests." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (citation omitted).

Further, complaints filed by *pro se* plaintiffs are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." *Phillips*, 515

F.3d at 233.  "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *D'Agostino v. CECOMRDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

**III.    Analysis**

    **A.    Fourth Amendment Unlawful Search Claim[1]**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  "A search occurs when an expectation of privacy that society is prepared to consider reasonable is infringed."  *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (internal quotation marks omitted).

For school searches, "the public interest is best served by a Fourth Amendment standard of reasonableness that stops short of probable cause."  *New Jersey v. T.L.O.*, 469 U.S. 325, 341 (1985).  The Supreme Court established a two-step inquiry for determining the reasonableness of a school official's decision to search a student.  *Id.*  First, the search must be "justified at its inception" by the presence of "reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school."  *Id.* at 342.  Second, the search must be "permissible in its scope," which is achieved "when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction."  *Id.*; *see, e.g.*, *Safford Unified Sch. Dist. No. 1 v. Redding*, 557 U.S. 364, 368 (2009) (holding that despite reasonable suspicion, a nude search of a 13-year-old was excessively intrusive and constituted a violation of the student's constitutional rights).

---

[1]    It is unclear who Plaintiff alleges is liable for each claim.  As such, the Court assumes all claims are made against all Defendants collectively.

Here, Plaintiff fails to allege facts that indicate the alleged strip search was either unjustified at its inception or impermissible in scope. *See T.L.O.*, 469 U.S. at 342. Plaintiff merely asserts that J. was strip searched, without providing supporting facts involving the nature of the search or the surrounding circumstances for this Court to determine whether the search was reasonable. (*See* Compl.). As such, Plaintiff has not pleaded a viable Fourth Amendment unlawful search claim. *See T.L.O.*, 469 U.S. at 337 (explaining that "what is reasonable depends on the context within which a search takes place," i.e., "balancing the need to search against the invasion which the search entails").

Further, Plaintiff fails to cite to any relevant legal authority, and the Court is not aware of any, supporting his claim that a school official must obtain parental consent to conduct a strip search on a minor or inform the parents when one occurs. (*See* Compl. at 5-6). Plaintiff cites *State v. Biancamano*, 666 A.2d 199 (N.J. Super. App. Div. 1995), to support his contention that Defendants have violated "the consent doctrine." (*See id.*). However, this case does not discuss parental consent or notification in the context of school strip search. *See Biancamano*, 666 A.2d 199. For these reasons, Plaintiff has failed to state a claim upon which relief can be granted for the circumstances surrounding the alleged strip search. *See* 28 U.S.C § 1915(e)(2)(B)(ii); *T.L.O.*, 469 U.S. at 341.

### B. Fourth Amendment Unlawful Seizure Claim

As discussed above, the Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A seizure occurs . . . when a reasonable person would have believed that he was not free to leave." *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 147 (3d Cir. 2005). "[C]onsistent with the reduced liberty interest afforded students in the public school

setting," seizures by school officials in a public school setting need only be "reasonable in light of the circumstances." *Shuman*, 422 F.3d at 148-49.

Here, Plaintiff merely asserts that Principal Rodriguez "[p]laced [J.] in the principal[']s office, where he was seperated [sic] [f]rom the class, isolated from the rest of the class; then made to be fustrated [sic]." (Compl. at 6). Construing this allegation liberally, the Court can infer that a Fourth Amendment seizure occurred, as a reasonable nine-year-old student placed by in the principal's office by the principal "would have believed that he was not free to leave." *See Shuman*, 422 F.3d at 147. As with Plaintiff's strip search allegations, however, no context is provided. (*See* Compl.). Therefore, the Court cannot infer that the seizure was unreasonable, and Plaintiff has not pleaded a viable Fourth Amendment unlawful seizure claim. *See* 28 U.S.C § 1915(e)(2)(B)(ii); *Shuman*, 422 F.3d at 148-49.

### C. Harassment and Stalking Claims

Schools have a legitimate need to protect students from violence, maintain an environment conducive learning, and to preserve general order. *T.L.O.*, 469 U.S.at 339. These interests require that school officials engage in the "close supervision of schoolchildren, as well as . . . enforc[e] rules against conduct that would be perfectly permissible if undertaken by an adult." *Id.* "Courts have also recognized that public schools are in a unique constitutional position, because once under the control of the school, students' movement and location are subject to the ordering and direction of teachers and administrators." *Gottlieb ex rel. Calabria v. Laurel Highlands Sch. Dist.*, 272 F.3d 168, 171 (3d Cir. 2001) (cleaned up).

Here, even when the Complaint is construed liberally, Plaintiff's current allegations of harassment and stalking are too vague and conclusory for this Court to construe any viable cause of action. (*See* Compl.). Plaintiff avers that J. "was suspended [f]or 3 days, for so called getting

out his seat." (*Id.* at 6). Plaintiff alleges that J. was doubled punished and that "you cannot [d]ouble punish a child." (*Id.*). Finally, Plaintiff alleges that he "received a total of 18 complaints in a matter of a 3 month period" regarding J. (*See id.*). But Plaintiff has not provided any context or supporting facts that show that the disciplinary measures Defendants adopted violated J.'s constitutional rights. For example, because "students' movement and location are subject to the ordering and direction of teachers and administrators" and because school officials must "enforc[e] rules against conduct that would be perfectly permissible if undertaken by an adult," this Court cannot, without more, find that J.'s punishment for "getting out of his seat" gives rise to a constitutional rights violation. *See T.L.O.*, 469 U.S. at 339; *Gottlieb*, 272 F.3d at 171. Similarly, without more, the Court cannot find a constitutional violation for Plaintiff "receiv[ing] a total of 18 complaints in a matter of a 3 month period" regarding J.'s behavior. (*See* Compl. At 6). After all, schools have a legitimate need to protect students from violence, maintain an environment conducive to learning, and to preserve general order. *T.L.O.*, 469 U.S. at 339. That need may at times require informing a parent of his child's problematic behavior. Therefore, to the extent Plaintiff argues that he merely did not approve of Defendants' disciplinary methods, the Court does not find a valid claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2). The shortcomings discussed above do not, however, foreclose the possibility that Plaintiff may be able to state a cognizable claim by filing an amended complaint. Therefore, considering Plaintiff's *pro se* status, the Court dismisses the Complaint *without prejudice*, with leave to file an amended complaint. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**